By the Court.—Sedgwick, Ch. J.
The action was for foreclosure of a mortgage of real estate. The plaintiff was the assignee of the mortgage. It had been made by the appellant, The Madison Avenue Congregational Church. The latter had conveyed to The Trustees of the Gospel Tabernacle, on condition that the property should be used for church and evangelical purposes *333 for five years, from May 29, 1886, and that on breach of the condition, the property should revert to the grantor, and the grantee as part of the consideration of said conveyance, assumed and agreed to pay the mortgage.
The complaint did not aver the above condition or assumption. It averred the mortgage, etc., that the defendants claimed an interest in the premises, and demanded the usual judgment in foreclosure, including a provision “ that the moneys arising from the sale may be brought into court,” and not asking for judgment for deficiency against either of the defendants.
The appellant, The Madison Avenue Congregational Church, answered, setting up the conveyance and its condition and the clause of assumption. It further averred that the action was “ not brought for the purpose of obtaining the payment of the said mortgage, but that it is brought by collusion between the plaintiff and the defendant, The Trustees of the Gospel Tabernacle, etc., in order that the said defendant, The Trustees of the Gospel Tabernacle, or some one in its behalf, may buy the said property at the foreclosure sale and so become the owner thereof, free from the condition above referred to, wherefore this defendant demands the surplus arising from the sale, and prays for such other and further relief as to the court may seem just.”
The plaintiff thereupon made a motion, giving notice of it to appellant’s attorney, the other defendant not-having appeared, that the plaintiff have judgment upon the answer of The Madison Avenue Congregational Church, as frivolous, and for judgment for the relief demanded in the complaint. This motion was granted. Before judgment was entered The Trustees of the Gospel Tabernacle appeared by attorney. The plaintiff thereupon gave notice to the appellant’s attorney of motion for confirmation of the referee’s report, and that the judgment would be at. the same time settled.
The appellant claims that the notice was too short. *334 This is not material, for the motion below was not to open the default or for a new hearing.
On the return day the attorney for defendant, The Trustees of the Gospel Tabernacle, appeared, but the attorney of the appellant made default. On the application of the defendant'who appeared, there was allowed to be inserted in the judgment the following provision:
“ That in case the defendant The Trustees of the Gospel Tabernacle, becomes the purchaser at such sale, the referee herein on payment to him of the amount due to the plaintiff, with interest, costs and the expenses of sale, be and he hereby is authorized, empowered and directed to deliver the deed of said premises to said The Trustees of the Gospel Tabernacle, and to give credit on the amount bid by them to the said The Trustees of the Gospel Tabernacle, as owners of the equity of redemption in said premises, without the actual payment thereof, any amount which may be bidden by said The Trustees of the Gospel Tabernacle over and above the amount necessary, as aforesaid, to discharge the amount due to the plaintiff, with interest, costs and expenses of the sale.” The plaintiff made no objection, to this being inserted. The appellant made afterwards the motion below, that this provision be stricken from the judgment.
One ground for the motion is a claim that the appellant has a right to whatever surplus may arise from a •sale, under the conditions contemplated by the clause objected to. I do not perceive any substance in this. If the surplus be in the stead of the real estate’, The Gospel Tabernacle has a right to the possession of the' real estate, until a breach of the condition occur. The Madison Avenue Congregational Church, has no more right to the possession, or control, or impounding of the surplus than of the real estate.
Another ground intimated rather than asserted, is taken upon the following consideration: As The Gospel Tabernacle, assumed to pay, it is bound to the other *335 corporation to pay. This would leave the condition of the conveyance unaffected. But the provision objected to gives a color of an adjudication, or of a result, that by force of the provision, The Gospel Tabernacle, while in reality paying the mortgage, would gain the rights that a third person, who was under no obligation to The Madison Avenue Congregational Church would gain, namely, the title and right of the mortgagor and mortgagee.
As to this, it is to be said that if the provision was of a kind competently made, while the issue stood as between the plaintiff and The Gospel Tabernacle only, the appellant should have not made default, but should have appeared, objected, and in case the provision was then inserted, should have appealed.
If the provision does not refer to a matter within the proper scope of jurisdiction, the appellant is not bound by it, and may make yet any claim of action of an equitable kind, that it may have against The Gospel Tabernacle. As I understand the condition, it may be performed although the property is owned by another than The Gospel Tabernacle.- If performed, it would be indifferent to The Madison Avenue Congregational Church, whether the other corporation holds under their obligation to pay the mortgage, or not. There is no intention, however, of definitely passing upon the nature of the condition and the right of the parties under it.
As I am of opinion that the appellant is not aggrieved by the provision, the order should be affirmed, with $10 costs.
Truax, J., concurred, Dugro, J., not voting.